# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Michael Wells,
    Petitioner,

vs.                                      Case No. 1:08cv799
                                            (Barrett, J.; Black, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

      Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's "Answer/Return of Writ" with exhibits. (Docs. 1, 7).

### Procedural Background

      On November 15, 2004, the Warren County, Ohio, grand jury returned an indictment charging petitioner with six counts of rape in violation of Ohio Rev. Code § 2907.02(A)(1)(b). (Doc. 7, Ex. 1). It appears from the record that the victim of the charged offenses was the 12-year-old daughter of petitioner's live-in girlfriend. (*Id.,* Brief, p. 3 & Ex. 6, p. 1).

      Petitioner waived his right to a jury trial. (*Id.,* Ex. 2). After a bench trial, petitioner was found guilty on five of the charges. (*See id.,* Ex. 3). On April 18, 2005, petitioner was determined to be a "sexually oriented offender" and was sentenced to ten-year concurrent prison terms. (*Id.*, Exs. 3-4). On May 5, 2005,

the trial court issued an order amending the April 18, 2005 sentencing entry as follows: "The sentence of ten (10) years on each count to run concurrently, is mandatory time pursuant to ORC§2929.13(F)." (*Id.,* Ex. 5).

With the assistance of new counsel, petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District, raising the following assignments of error:

> 1. Wells was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to subpoena or examine essential witnesses.
>
> 2. Wells' conviction was against the manifest weight of the evidence.

(*See id.,* Brief, pp. 3-4 & Ex. 6).

On February 27, 2006, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 6). Respondent states in the return of writ that petitioner did not pursue an appeal from this decision to the Supreme Court of Ohio. (*Id.,* Brief, p. 4).

Nearly six months later, on or about August 25, 2006, petitioner served a *pro se* motion on the Warren County prosecutor, essentially requesting post-conviction relief from the trial court based on claims challenging the constitutionality of his sentences under *McMillan v. Pennsylvania,* 477 U.S. 79 (1986), *Apprendi v. New Jersey,* 530 U.S. 466 (2000), *Blakely v. Washington,* 542 U.S. 296 (2004), *United States v. Booker,* 543 U.S. 220 (2005), and *State v. Foster,* 845 N.E.2d 470 (Ohio 2006).[1] (*Id.,* Ex. 7). As relief, petitioner requested that the trial court vacate his sentences and hold a "new sentencing hearing [to] correct the VOID-ILLEGAL sentence imposed." (*Id.,* p. 4).

On October 6, 2006, the trial court overruled petitioner's "motion to correct void sentence," reasoning in relevant part as follows:

---

[1] Respondent notes in the return of writ that this post-conviction motion was officially filed with the trial court on September 12, 2006, after the State filed its memorandum in opposition to the motion on September 6, 2006. (*See* Doc. 7, Brief, p. 4 n.1 & Ex. 8).

2

> The relief sought by the Defendant is not available as it was not raised on his direct appeal. As stated by the court in *State v. Jones* 2006 Ohio 2360, "We agree that the holdings in *Booker* and *Blakely* do not apply retroactively, and we agree that argument Jones made in support of his motion for re-sentencing is barred by res judicata, because he could have raised that argument in his direct appeal from his sentence."

(*Id.,* Ex. 9) (footnote citations omitted).

Petitioner appealed this decision to the Ohio Court of Appeals, Twelfth Appellate District. (*See id.,* Ex. 10). On October 9, 2007, the Ohio Court of Appeals affirmed the trial court's judgment, holding that petitioner's motion, construed as a petition for post-conviction relief under Ohio Rev. Code § 2953.21, was untimely filed. The court reasoned in pertinent part:

> .... Pursuant to R.C. 2953.21(A)(2), a postconviction relief petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication ***." Pursuant to R.C. 2953.23(A)(1), however, a court may entertain a petition filed after the expiration of this time period if both of the following apply:
>
> "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of the earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.
>
> "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact-finder would have found the petitioner eligible for the death sentence."

3

> Here, appellant's petition was not timely filed within 180 days after the date on which the trial transcript was filed in the court of appeals in appellant's direct appeal of his conviction. Moreover, appellant's untimely petition does not qualify for the exception pursuant to R.C. 2953.23(A)(1), because the petition pertains only to sentencing issues, not issues relating to guilt. See [*State v. Carter,* No. CA2006-03-010, 2006 WL 2348061, at *2 ¶ 16 (Ohio Ct. App. 12 Dist. Aug. 14, 2006) (unpublished), *appeal dismissed,* 860 N.E.2d 766 (Ohio 2007)]. Accordingly, we find the trial court correctly denied appellant's postconviction petition.

(*Id.,* Ex. 12).

Petitioner next sought leave to appeal to the Supreme Court of Ohio. (*See id.,* Ex. 13). On March 26, 2008, the state supreme court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 14).

Petitioner took no further action to challenge his convictions or sentence until he commenced the instant *pro se* federal habeas action. The petition, which was stamped as "filed" on November 13, 2008, contains petitioner's signed declaration that the petition was placed in the prison mailing system on September 22, 2008. (*See* Doc. 1, p. 15). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Absent evidence to the contrary, it therefore appears the petition was delivered to prison authorities for mailing and thus "filed" for statute of limitations purposes on September 22, 2008.

In the petition, petitioner alleges one ground for relief:

The state sentencing court lacked jurisdiction to impose an enhanced sentence [based] upon unconstitutional statutes....

(Doc. 1, p. 6).

In the return of writ filed in response to the petition, respondent contends that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 7, Brief, pp. 6-8). Respondent alternatively argues that (1) petitioner has waived his claim for relief by failing to raise it at the "first available opportunity" to the state courts either at sentencing or on direct review; and (2) any error by the trial court in determining petitioner's sentence was harmless. (*See id.*, pp. 10-21).

# OPINION

## The Petition Is Barred From Review By The One-Year Statute Of Limitations

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In the return of writ, respondent contends that the statute of limitations set forth in § 2244(d)(1)(A) applies in this case. (*See* Doc. 7, Brief, p. 6). Under this provision, the statute would have begun to run when petitioner's conviction became "final," or in other words, when the 45-day period expired for filing an appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' February 27, 2006 direct appeal decision. It is respondent's position that the statute of limitations commenced running on April 14, 2006, one day after the 45-day appeal

5

period expired, and ceased running one year later, on April 14, 2007, because the post-conviction motion filed by petitioner in August or September of 2006 was not "properly filed" and, therefore, did not serve to toll the limitations period under § 2244(d)(2). (*See id.,* pp. 6-7).

Petitioner suggests in the petition that no statute of limitations provision should apply because he has presented a jurisdictional issue which amounts to a "structural defect" that can be raised at any time. (*See* Doc. 1, p. 14). Even assuming, as suggested, that jurisdictional claims are always subject to review on the merits, despite a statute of limitations or other procedural bar, the undersigned is not persuaded that such a claim has been raised here.

Petitioner essentially posits that the trial court lacked subject matter jurisdiction to impose an enhanced prison sentence under provisions of Ohio's sentencing statutes, which were later declared by the Supreme Court of Ohio in *Foster* to be unconstitutional in light of the Supreme Court's decisions in *Blakely* and *Booker*. Under this theory, a jurisdictional defect exists because the indictment failed to allege the additional essential elements required to be found by a jury beyond a reasonable doubt before an enhanced sentence could be imposed in accordance with *Blakely* and *Booker*. However, no court (including the Supreme Court in *Blakely* and its progeny) has held that the indictment must include not only the essential elements of the substantive criminal offenses charged against a defendant, but also any additional factual findings necessary for the imposition of a non-presumptive sentence falling within the permissible statutory range, which ultimately may or may not be made post-conviction at the sentencing hearing after a pre-sentence investigation.

In any event, to remedy the constitutional infirmities found in Ohio's sentencing statutes, the *Foster* court adopted the approach used by the Supreme Court in *Booker* with respect to the federal sentencing guidelines, of severing the *Blakely*-offending portions of Ohio's sentencing statutes and granting trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *See Foster,* 845 N.E.2d at 494-98. By excising the provisions that rendered Ohio's sentencing scheme mandatory and thus permitting the sentencing court broad discretion to impose a sentence within the applicable statutory range, the *Foster* court adopted a remedy that, as in *Booker*, 542 U.S. at 233, "encounters no Sixth Amendment shoal" and thus certainly no jurisdictional

6

hurdle.

An additional argument can be made in petitioner's favor that petitioner's claims accrued long after his conviction became "final" within the meaning of § 2244(d)(1)(A), because *Foster* had not yet been decided; under this theory, either § 2244(d)(1)(C) or (D) arguably applies to delay the commencement of the limitations period in this case.

However, § 2244(d)(1)(D) does not govern petitioner's grounds for relief. It is clear from the record that petitioner was aware at the time of sentencing that the trial court was imposing non-presumptive sentences. Therefore, the factual predicate underlying petitioner's claims was discoverable in the exercise of due diligence at the time petitioner was sentenced in April 2005.

Moreover, for the limitations provision set forth in § 2244(d)(1)(C) to apply, it must be established that the legal basis for petitioner's claim was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review." Here, however, no "newly recognized" legal basis established by the Supreme Court exists to delay the commencement of the limitations period, because petitioner was sentenced *after Blakely* and *Booker* were decided.

Petitioner also cannot rely upon *Foster* to delay the limitations period under § 2244(d)(1)(C), because *Foster* was not decided by the United States Supreme Court. In any event, the *Foster* court expressly stated that its decision extended only to cases still pending on direct review. *Foster,* 845 N.E.2d at 499. The *Foster* decision was issued the same date that the Ohio Court of Appeals affirmed petitioner's conviction on direct appeal. Although *Foster* would have extended to petitioner's case if petitioner had pursued a further appeal to the Supreme Court of Ohio, petitioner waited until nearly six months after *Foster* was decided, and long after the direct review proceedings had concluded, to file a post-conviction application challenging his sentence. Petitioner, therefore, is unable to prevail on any claim that *Foster* may be applied retroactively to his case.

For the foregoing reasons, the undersigned adopts the position espoused by respondent that petitioner's sole claim for relief is governed by the limitations provision set forth in 28 U.S.C. § 2244(d)(1)(A). As respondent has argued, the statute commenced running in this case on April 14, 2006, one day after the 45-day

7

period expired in which to file an appeal to the state supreme court from the Ohio Court of Appeals' February 27, 2006 direct appeal decision. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The statute expired one year later, on April 14, 2007, unless statutory or equitable tolling principles apply to extend the limitations period.

During this one-year period, petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Here, petitioner filed a motion for post-conviction relief with the trial court in August or September 2006, while the one-year statute of limitations was still running. (*See* Doc. 7, Ex. 7). However, as respondent has argued, the post-conviction motion did not serve to toll the limitations period because it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).

In *Artuz v. Bennett,* 531 U.S. 4, 8 (2000), the United States Supreme Court held that a state application for post-conviction relief is "properly filed" within the

meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. Thereafter, the Sixth Circuit ruled that an Ohio prisoner's post-conviction petition dismissed by the state courts as untimely-filed is not "properly filed" and, therefore, cannot serve to toll the limitations period under § 2244(d)(2). *Vroman v. Brigano,* 346 F.3d 598, 603 (6th Cir. 2003); *see also Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001), *cert. denied,* 535 U.S. 1088 (2002). In so holding, the Sixth Circuit emphasized that deference must be accorded to the state courts as "the final authority on state law," and that "federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Vroman,* 346 F.3d at 603; *Israfil,* 276 F.3d at 771.

In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court confirmed that a state post-conviction petition rejected by the state courts on timeliness grounds is not "properly filed" and is therefore not subject to statutory tolling under § 2244(d)(2). In that case, the state post-conviction statute had recently been amended, and its application was unclear. *See Walker v. Norris,* 436 F.3d 1026, 1031 (8th Cir. 2006) (citing district court decision in *Pace* published at 151 F.Supp.2d 586, 588 (E.D. Pa. 2001)). The trial court ruled on the merits of the petition, and it was not until petitioner's appeal that the state appellate court interpreted the amended statute to require the dismissal of the petition as untimely-filed. *Id.* (citing *Pace,* 151 F.Supp.2d at 589-90).

In the federal habeas action which followed, the district court determined that the state petition was properly filed within the meaning of § 2244(d)(2) "because the petitioner complied with the filing requirements as they existed at the time." *Id.* (citing *Pace,* 151 F.Supp.2d at 590-91). On appeal, the Third Circuit reversed, and the Supreme Court affirmed, concluding that "time limits, no matter their form, are 'filing' conditions" which must be met for a state collateral review petition to be deemed "properly filed" under § 2244(d)(2). *Pace,* 544 U.S. at 417.

In so holding, the Supreme Court rejected the argument that "the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." *Id.* at 413. The Court reasoned:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no

9

> exception. The purpose of AEDPA's statute of limitations confirms
> this commonsense reading. On petitioner's theory, a state prisoner
> could toll the statute of limitations at will simply by filing untimely
> state postconviction petitions. This would turn § 2244(d)(2) into a *de
> facto* extension mechanism, quite contrary to the purpose of AEDPA,
> and open the door to abusive delay.

*Id.*

In addition, the Supreme Court was not persuaded by the petitioner's argument challenging the fairness of the decision to the extent a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus time-barred in a subsequent federal habeas proceeding. *Id.* at 416. The Court stated that a prisoner seeking state post-conviction relief instead could "avoid this predicament" by "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted," and that a petitioner's "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.*

Finally, the Supreme Court expressly held that as it had intimated in a prior case – *Carey v. Saffold,* 536 U.S. 214, 226 (2002): "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace,* 544 U.S. at 414.

In this case, the last state court to issue a reasoned decision on petitioner's motion for post-conviction relief held that relief was not available because the motion was untimely pursuant to requirements set forth in Ohio Rev. Code §§ 2953.21(A)(1) and 2953.23. Accordingly, in light of *Pace* and Sixth Circuit case-law interpreting the phrase "properly filed" as set forth in 28 U.S.C. § 2244(d)(2), the undersigned concludes that the one-year limitations period was not statutorily tolled while petitioner's untimely post-conviction motion was pending before the state courts.

To the extent it may be argued that petitioner is entitled to review of his otherwise time-barred petition under equitable tolling principles, the Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to the AEDPA's statute of limitations," *Pace*, 544 U.S. at 418 n.8.

However, the Sixth Circuit has held that the statute of limitations is not jurisdictional and that "equitable tolling does apply to the one-year limitation period applicable to habeas petitions." *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *see also McClendon v. Sherman,* 329 F.3d 490, 492 (6th Cir. 2003).

In *Pace,* the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)). Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)).

Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not argued, nor is there evidence in the record to suggest, that he is entitled to equitable tolling in this case. There is no evidence in the record even remotely indicating that some extraordinary circumstance prevented petitioner from filing a timely federal habeas corpus petition with this Court; nor does it appear from the record that petitioner is entitled to equitable tolling under *Dunlap*.

Petitioner has not alleged any facts suggesting that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas petitions. Although he neither appealed the Ohio Court of Appeals'

direct appeal decision to the Supreme Court of Ohio nor pursued state post-conviction relief until six months after his conviction was affirmed on direct appeal, the undersigned will assume, without deciding, that petitioner diligently pursued state court remedies. However, the same cannot be said of his pursuit of federal habeas relief. Although petitioner was made aware in October 2007 that his post-conviction petition had been rejected by the Ohio Court of Appeals because the petition was not timely filed, he did not file a federal habeas petition at that time and, indeed, waited nearly six months after the final decision was rendered by the Supreme Court of Ohio on March 26, 2008 to commence the instant action. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that the sole ground for relief alleged in the instant federal habeas petition is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). The statute of limitations, which commenced running on April 14, 2006, expired on April 14, 2007 in the absence of statutory tolling under 28 U.S.C. § 2244(d)(2). Equitable tolling principles do not apply to justify excusing the limitations bar in this case. The instant petition, "filed" on September 22, 2008, nearly one and one-half years after the limitations period expired, is time-barred.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice because it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition with prejudice on procedural statute of limitations grounds, because under the first prong of the two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[2]

---

[2] Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the petition. *See Slack,* 529 U.S. at 484.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: 12/1/09           s/Timothy S. Black
   cbc                          Timothy S. Black
                                United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Michael Wells,
    Petitioner

vs                               Case No. 1:08cv799
                                   (Barrett, J.; Black, M.J.)

Warden, Lebanon Correctional Institution,
    Respondent

# NOTICE

      Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation **within 10 days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed **within 10 days** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

J:\BRYANCC\2009 habeas orders\08-799denypet.sol-blakely-foster.wpd